## BILLIE B. BEAM V. THE STATE.

No. 10799. Delivered March 16, 1927.

**1.—Swindling by False Advertising—Information—Held Insufficient.**

Where an information which purported to charge appellant with swindling does not embrace those averments necessary to charge the offense defined in Art. 1545, P. C. 1925, the court's failure to quash that part of the information, and in failing to eliminate the subject of swindling from his charge, in accord with the exceptions and requests of the appellant, was in error. See Vernon's Tex. P. C. 1925, Vol. 3, p. 268.

**2.—Same—Continued.**

That part of the information which attempted to charge a violation of

Art. 1554, which failed to aver that the appellant was to receive any benefit, or that the public was to assume any obligation or part with anything of value, was, in the omission of such averments, wholly insufficient to charge an offense, under the statute, and appellant's motion to quash the information should have been sustained.

Appeal from the County Court of Shackelford County. Tried below before the Hon. Richard Dyess, Judge.

Appeal from a conviction for swindling by false advertising, penalty a fine of $150.00.

The opinion states the case.

*Howsley & Kuykendall* of Albany, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—Appellant was adjudged guilty of swindling by false advertising, punishment fixed at a fine of $150.00.

The information contains the following averments:

"* * * that B. B. Beam, acting for a show known as Arthur's Comedians * * * did then and there unlawfully and fraudulently with the intent to cheat and swindle the public who might attend a certain show then showing in Moran, Texas, known as Arthur's Comedians did make and cause to be made and circulated a circular and notice stating that on that night at the show fifty free prizes, 'the Grand Capital Prize, 1926 model Ford Touring Car, or winner's choice of $350.00 in gold.'

"That said advertisement and circular were false and untrue and no holder of numbers at the show had a chance at said grand capital prize, but that the number drawing said grand capital prize had, prior to the time said show was given and the lucky number drawn from the receptacle in which numbers had been placed, had been given by the said B. B. Beam to Mrs. L. L. Harris in person with the express understanding and agreement by and between the said B. B. Beam and L. L. Harris and Mrs. L. L. Harris that the number so given to the said Mrs. L. L. Harris would win the said grand capital prize and for which the said Mrs. L. L. Harris was to receive a sum of money much less than amount advertised."

We infer that this is an effort to charge the offense of swindling and the violation of Art. 1554, P. C. 1925, from which we quote:

"Whoever with intent to sell or in any way dispose of mer-

chandise, securities, service, or anything offered by such person, or by any firm, corporation or association which he owns or of which he has control, directly or indirectly, to the public for sale or distribution, or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or any interest therein, makes, publishes, disseminates, circulates, or places before the public * * * an advertisement of any sort regarding merchandise, as to its character or cost, securities, service, or anything so offered to the public, which advertisement contains any assertion, representation or statement of fact which is known by said person * * * to be untrue, deceptive or misleading in any material particular as to such matters or things so advertised, etc."

Swindling is defined in Art. 1545, P. C. 1925, as follows:

"Swindling is the acquisition of any personal or movable property, money or instrument of writing conveying or securing a valuable right, by means of some false or deceitful pretense or device, or fraudulent representation, with intent to appropriate the same to the use of the party so acquiring, or of destroying or impairing the right of the party justly entitled to the same."

The elements of the offense and the requisites of the indictment to charge that offense are found discussed in many precedents collated in Vernon's Tex. P. C., 1925, Vol. 3, p. 268. Without going into .detail, we content ourselves with the statement that the averments in the information are not sufficient to charge the offense of swindling under the statute last quoted. In failing to quash that part of the information which attempts to charge swindling (if in fact that is what is intended), and in failing to eliminate the subject of swindling from his charge in accord with the exceptions and requests of the appellant, the court was in error. If Art. 1554, supra, is intelligible to a degree that a criminal prosecution may be founded upon it covering an act of the nature of that described, the averments in the information are not deemed sufficient to charge an offense in that there is a failure to aver that the appellant was to receive any benefit or that the public was to assume any obligation or part with anything of value. What we learn from the averments in the information is that the appellant, by circular, invited the public to a show, telling them that he would distribute fifty free prizes, the capital prize being an automobile; that as to the capital prize the advertisement was false. It was not shown that the public nor any member of it was expected to pay anything for a chance on the automobile nor, in fact, that anything was expected from

the public to whom the circular was addressed, except that they attend the show and participate in the free distribution of prizes.

For the reasons stated, the judgment of conviction is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*